## APPEAL OF OHIO GREASE CO.

Docket No. 6023. Decided September 30, 1926.

*Held,* that the deduction for exhaustion, wear and tear of property during the taxable years should have been computed upon the basis of the value of the property on March 1, 1913, and upon the cost of additions subsequent thereto.

*W. J. Hogan, Esq.,* and *Rufus W. Pearson, Esq.,* for the petitioner.
*Robert A. Littleton, Esq.,* for the Commissioner.

The Commissioner determined deficiencies in income and profits tax for the fiscal years ending February 28, 1919 and 1920, in the amounts of $12,583.77 and $15,079.17, respectively, and overassessments for the ten-month period ending December 31, 1920, and the calendar year 1921, in the amounts of $586.12 and $389.40, respectively.

The controversy concerns the matter of exhaustion, wear and tear of lubricators. The petitioner valued the lubricators on hand on March 1, 1913, at $10 each, totaling $107,000. Thereafter it entered upon its books the cost of additional lubricators manufactured during the years. It was the practice of the company to write down the value of the lubricators each year in lieu of entering upon its books a depreciation reserve. By this method the value of lubricators at March 1, 1918, was shown by its books to be $61,859. The Commissioner used this figure as the basis for computing the deduction for exhaustion, wear and tear of lubricators for the fiscal years at the rate of 15 per cent per annum, and computed the deduction upon the cost of additions during each year from the beginning of the succeeding year. The useful life of the lubricators and the rate of exhaustion, wear and tear is not in controversy. Petitioner claims that the lubricator account should be adjusted and the deductions for exhaustion, wear and tear for the taxable years determined by depreciating the March 1, 1913, value of lubricators at 15 per cent per annum and

the cost of additions in subsequent years at the same rate, averaged for such years. It is further alleged that the Commissioner made certain mathematical errors in computing the income for the periods in question.

### FINDINGS OF FACT.

Petitioner is an Ohio corporation organized in 1909 to engage in the manufacture of lubricating grease and lubricators for the efficient use thereof. The lubricator had been patented by the petitioner. It was not manufactured for sale, but a large supply was kept on hand to lend to purchasers of its lubricant, same to be returned in the event the use of its grease should be discontinued. Ownership and title remained in the petitioner and, when a customer ceased to purchase the petitioner's lubricant, he was asked to return the lubricator. If he failed to do so within a reasonable time, petitioner made it a practice to send him a bill for $25. As a rule, the bill was either paid or the lubricator returned. A number of lubricators were lost or destroyed each year.

On March 1, 1913, petitioner had on hand 10,700 lubricators having a fair market value on that date of $10 each, or a total fair market value of $107,000. The cost of lubricators manufactured subsequent to March 1, 1913, which included materials and labor, was as follows:

| | | |
|---|---|---:|
| Value Mar. 1, 1913 | | $107,000.00 |
| Additions: | Material | 5,363.04 |
| " | Labor | 11,734.77 |
| | Total Mar. 1, 1914 | 124,097.81 |
| " | Material | 2,097.81 |
| " | Labor | 10,491.41 |
| | Total Mar. 1, 1915 | 137,151.39 |
| " | Material | 9,442.35 |
| " | Labor | 12,420.07 |
| | Total Mar. 1, 1916 | 159,013.81 |
| " | Material and labor | 25,369.26 |
| | Total Mar. 1, 1917 | 184,383.07 |
| " | Material and labor | 20,909.16 |
| | Total Mar. 1, 1918 | 205,292.23 |
| " | Material and labor | 15,360.29 |
| | Total Mar. 1, 1919 | 220,652.52 |
| " | Material and labor | 16,396.29 |
| | Total Mar. 1, 1920 | 237,048.81 |
| " | Material and labor | 17,495.60 |
| " | Total Dec. 31, 1920 | 254,544.41 |
| " | Material and labor | 19,787.95 |
| | Total Dec. 31, 1921 | 274,332.36 |

Prior to 1916, the cost of labor in the manufacture of lubricators was charged to expense. For 1916 and subsequent years such labor was included in the cost of lubricators.

The additions mentioned were made regularly throughout the whole year, weekly and monthly, and accurate records were maintained, but the total cost thereof was not entered upon the regular books of account until the end of the year. Due to the fact that the cost of additions was entered on the last day of the year, the Commissioner declined to allow any deduction for exhaustion, wear and tear on such additions for the year in which made.

### OPINION.

LITTLETON: The deficiencies for the fiscal years ending February 28, 1919 and 1920, should be redetermined by computing exhaustion, wear and tear of lubricators upon the basis of the March 1, 1913, value thereof, amounting to $107,000, and upon the cost of subsequent additions as set forth in the findings of fact, at 15 per cent per annum upon a straight-line basis. The deduction for exhaustion of the cost of additions made during the years should be averaged for the year in which such additions were made.

The mathematical errors complained of will be automatically eliminated upon the recomputation in accordance with this opinion.

The Board is without jurisdiction to redetermine the amount of overassessments for the ten-month period ending December 31, 1920, and for the calendar year 1921. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*